*Young v. Pallito*, No. 140-3-15 Wncv (Teachout, J., Oct. 4, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 140-3-15 Wncv** |

**RODNEY YOUNG**
    **Plaintiff**

    **v.**

**ANDREW PALLITO, Commissioner,**
**Vermont Department of Corrections**
    **Defendant**

## DECISION
### Cross Motions for Summary Judgment

Plaintiff Rodney Young claims that the Vermont Department of Corrections violated his Equal Protection and Common Benefits Clause rights by housing him in an out of state facility for a portion of his incarceration. He alleges that this out of state placement complicated his ability to effectively interact with his young son, who lived in Vermont. He claims that the DOC unconstitutionally sent incarcerated fathers, such as him, out of state, whereas it kept all incarcerated mothers in state, where they presumably could have ready parent–child contact. Mr. Young seeks compensatory and punitive damages as well as attorney fees. He is represented by William Cobb, Esq. The State is represented by David R. Groff, Esq., and has filed a motion for summary judgment.

In response to overcrowded conditions in Vermont prisons, DOC's policy is to send Vermont inmates to prison facilities located outside of Vermont. Plaintiff claims that, in doing so, the State unconstitutionally discriminates against incarcerated men in relation to incarcerated women or incarcerated fathers in relation to incarcerated mothers.[1]

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "The issue is whether the groups involved are similar in relevant aspects. There must be 'some

---

[1] Rather than come forward with any evidence or argument in support of this claim on summary judgment, Mr. Young relies almost exclusively, and without elaboration, on a ruling of this court in a prior case, *Carpenter v. Pallito*, No. 531-9-13 Wncv, 2014 WL 5795286 (Toor, J., Aug. 13, 2014). The court explained in detail in a prior ruling, however, that the *Carpenter* ruling does not have any preclusive effect on the State and does not bind the court in this case. See generally Opinion and Order on Defendant's Motion for Partial Dismissal (Tomasi, J., Aug. 4, 2016). The court will not revisit that ruling here. The DOC's purported "failure" to apply *Carpenter* to Mr. Young is not a basis for judgment for Mr. Young.

showing that the two groups are sufficiently similar *with respect to the purpose of the law in question* that some level of scrutiny is required in order to determine whether the distinction is justified.'" *Nichols v. Hofmann*, 2010 VT 36, ¶ 17, 188 Vt. 1 (citations omitted; emphasis added); see also *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) ("The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified.").

The facts material to the equal protection issue are undisputed. Vermont is consistently able to house all female inmates in its one facility dedicated to women. It is consistently unable to house all male inmates in all other Vermont facilities, all of which are male-only. To deal with the consistent excess of male inmates, it sends some male inmates to out of state facilities. At the time relevant to this case, it prioritized for out of state placement those male inmates who were not anticipated to participate in programming based on the specifics of their sentence situation.

Female inmates are not sent out of state at all because there is no need to reduce the in-state female population. Sending female inmates out of state would not address male overpopulation because prison best practices would not permit male inmates to occupy unused space in the women's facility. There is no reason to send female inmates out of state.

The policy does not distinguish between incarcerated fathers and incarcerated mothers. The policy is as likely to send an incarcerated father out of state because he is not expected to do any programming as it is to keep an incarcerated father in state because he will be participating in programming. This issue has no bearing on female inmates, whether mothers or not. The real difference in treatment is not between men and women or even men and women parents, but between fathers who are sent out of state and fathers who are not sent out of state. There is a logical reason for this different treatment, which is eligibility for programming, which occurs within Vermont.

Mr. Young does not dispute these facts. Indeed, it appears that his real argument is not that the DOC discriminates *against* incarcerated fathers but fails to discriminate in favor of them. See Plaintiff's opposition to Motion for Summary Judgment 5 (filed Mar. 6, 2017) ("Assuming these arguments are correct, it does not explain why male inmates who are fathers are not given additional considerations—or prioritized—pursuant to a DOC policy the same way that inmates who are receiving programming are prioritized."). This is not an equal protection argument, however. "The initial inquiry in an equal protection analysis focuses on whether the challenger is similarly situated to another group for the purpose of the challenged governmental action. Absent this threshold showing, one lacks a viable equal protection claim. In other words, the dissimilar treatment of dissimilarly situated persons does not violate equal protection rights." *State v. Harris*, 817 N.W.2d 258, 275 (Neb. 2012) (citation omitted).

Mr. Young does not offer any different argument with respect to the Common Benefits Clause.

Because the State has shown grounds for summary judgment, it is unnecessary to address the State's other arguments. Mr. Young's motion for summary judgment is denied.

\
# ORDER

For the foregoing reasons, the State's motion for summary judgment is *granted*, and Plaintiff's motion for summary judgment is *denied*.

Dated at Montpelier, Vermont this ____ day of October 2017.

 

_____
Mary Miles Teachout
Superior Judg